Andrew G. Gunem (SBN 354042)
agunem@straussborrelli.com
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109

*Attorneys for Plaintiffs and Proposed Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JANE DOE** and **PATRICIA BIRD**, on behalf of themselves and all others similarly situated, | Case No. 2:25-at-10 |
| Plaintiffs, | **MOTION TO PROCEED PSEUDONYMOUSLY** |
| v. | |
| **THE NATIONAL CENTER FOR CONSTRUCTION EDUCATION AND RESEARCH, LTD. CORP.**, | |
| Defendant. | |

## I.    Introduction

Plaintiff Doe requests the Court's permission to proceed by the pseudonym "Jane Doe" in place of her true and correct name. Plaintiff Doe brings this case Defendant for the non-consensual intrusion into, and disclosure of, Plaintiff Doe's personal and private matters, namely her personally identifying information ("PII"). To prevent any further public disclosure of her PII, Plaintiff Doe requests permission to proceed under a pseudonym.

## II.    Legal Standard

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all the parties"); Fed. R. Civ.

1   P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). However,

2   the Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings

3   in special circumstances when the party's need for anonymity outweighs prejudice to the

4   opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v.*

5   *Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).   Thus, the Ninth Circuit has

6   identified three situations in which parties have been allowed to proceed pseudonymously: (1)

7   when identification creates a risk of retaliatory harm; (2) when anonymity is necessary "to

8   preserve privacy in a matter of sensitive and highly personal nature" and (3) when the anonymous

9   party risks criminal prosecution.  *Id*.

10   To determine whether to allow a party to proceed anonymously, a district court must

11   balance five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the

12   anonymous party's fears, . . . (3) the anonymous party's vulnerability to . . . retaliation, (4) the

13   prejudice to the opposing party, and (5) the public interest."  *Kamehameha*, 596 F.3d at 1042.

14   District courts place particular emphasis on the first and second factors.  *Id*. at 1043. The district

15   court has wide discretion to determine whether a party may proceed pseudonymously. *Poozesh*

16   *v. Pompeo*, No. 1:19-cv-01466-LJO-SKO, 2019 U.S. Dist. LEXIS 198724, at *3 (E.D. Cal. Nov.

17   15, 2019).

18
19   **III.    The Court Should Allow Plaintiff Doe to Proceed Under a Pseudonym**
     **a.   Plaintiff Doe is Vulnerable to Retaliation and Her Fear of Severe Harm is**
20   **Reasonable.**

21   As this case involves Plaintiff Doe's highly sensitive PII, disclosure of her identity to the

22   public would only revictimize Plaintiff, who has already alleged suffering mental harm and

23   emotional distress as a result of Defendant's exposure of Plaintiff's PII to unauthorized third

24   parties. Further, this case involves highly confidential financial information that Plaintiff Doe

25

MOTION TO PROCEED PSEUDONYMOUSLY – 2

shared with Defendant in the course of her employment, and Plaintiff Doe has reasonable concerns that further exposure of this information may subject her to serious financial harms. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1070 (9th Cir. 2000) (finding that anonymity can be used to shield plaintiffs from economic injury.). Plaintiff Doe is rightfully concerned about the public disclosure of her identity without the protections afforded by a protective order.

**b. There is No Prejudice to Defendant if Plaintiff Doe Proceeds Under a Pseudonym.**

Permitting Plaintiff Doe to proceed under a pseudonym will not cause any prejudice to Defendant. Courts routinely enter stipulated orders protecting the personal identifying information of parties from public filing, especially when a case is in its early stages. *Doe v. United States Healthworks, Inc.*, No. CV 15-05689 SJO (AFMx), 2016 U.S. Dist. LEXIS 203659, at *14 (C.D. Cal. Feb. 4, 2016) (finding minimal prejudice to defendant where "parties are in the nascent stages of litigation.") Defendant will not be at any disadvantage and does not need additional information to present its argument against Plaintiff's case. So long as the Plaintiff Doe's identity is disclosed to Defendant's counsel, pursuant to a protective order, and Plaintiff permits Defendant to depose any necessary third parties, granting Plaintiff anonymity should not present a significant burden to Defendant. *Doe v. United States Healthworks, Inc.*, No. CV 15-05689 SJO (AFMx), 2016 U.S. Dist. LEXIS 203659, at *14 (C.D. Cal. Feb. 4, 2016).

**c. There is No Public interest In the Disclosure of Plaintiff Doe's Identity.**

Plaintiff Doe has no ulterior motives and does not desire the facts to be shielded from the public eye – Plaintiff merely seeks to prevent the disclosure of her actual name as part of a public record in a case that involves her private information. And granting Plaintiff's request to remain

anonymous will not impair the public's view of the presentation and resolution of issues in this case or hinder the court's performance in resolving them. *Jane Roes 1-2 v. SFBSC Mgmt., LLC,* 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (granting plaintiffs' motion to proceed anonymously where "[t]here [was] nothing about the plaintiffs' identities that makes it critical to the working of justice to reveal those identities. Anonymity, in other words, does not in this case threaten the principle of open courts"); *see also Doe v. Smith*, 105 F. Supp. 2d at 45 (finding public would not be prejudiced where plaintiffs were allowed to proceed anonymously because it would otherwise have access to trial and results of the case).

### IV. Conclusion

The above privacy interests in protecting Plaintiff Doe's identity from being publicly released, including the highly personal information implicated by this action and the desire to prevent her information from being further publicized, override the right of public access. Plaintiff Doe therefore seeks an order requesting permission to proceed under a pseudonym to protect her identity from public disclosure. Plaintiff will disclose her identity to the Court and the Defendant's counsel, pursuant to a protective order.

Dated: January 3, 2025                    Respectfully submitted,

By: */s/Andrew Gunem*
Andrew G. Gunem (SBN 354042)
STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109

*Attorney for Plaintiff and the Proposed Class*